**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000678
29-APR-2024
08:17 AM
Dkt. 54 SO**

NO. CAAP-18-0000678

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

In re F.W.H., by and through Aloha Nursing Rehab Centre

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CC171002013)

SUMMARY DISPOSITION ORDER
(By:  Leonard, Acting Chief Judge, Nakasone and McCullen, JJ.)

Appellant-Appellant Aloha Nursing Rehab Centre (**Aloha Nursing**) appeals from the Circuit Court of the First Circuit's[1] August 1, 2018 "Order Affirming Notice of Administrative Hearing Decision Dated November 20, 2017" (**August 1, 2018 Order**) and August 1, 2018 Judgment.

On appeal, Aloha Nursing challenges the circuit court's determination on standing and the hearings officer's exclusion of evidence.

---

[1]  The Honorable Keith K. Hiraoka presided.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve the points of error as discussed below, and affirm.

(1)  Aloha Nursing first contends the circuit court erred in affirming Appellee-Appellee State of Hawaiʻi, Department of Human Services (**DHS**) hearings officer's denial of Aloha Nursing's standing on F.W.H.'s behalf, arguing the circuit court's construction of Hawaiʻi Revised Statutes (**HRS**) § 346-12 (2015) was too narrow.

"On appeal, the issue of standing is reviewed *de novo* under the right/wrong standard."  Abaya v. Mantell, 112 Hawaiʻi 176, 180, 145 P.3d 719, 723 (2006).

Under HRS § 346-12,

> [a]n <u>applicant or recipient</u>, deeming oneself aggrieved, shall be entitled to appeal to the director in the manner prescribed by department rules and shall be afforded reasonable notice and opportunity for a hearing at which all of the evidence presented by the parties, to the extent allowed by chapter 91, shall be considered in a fair and impartial manner.

(Emphasis added.)  Applicant is defined as "the person for whose use and benefit application for services or public assistance is made" and recipient is defined as "the person for whose use and benefit services are rendered or a grant of public assistance is made."  HRS § 346-1 (2015).

Here, Aloha Nursing has not shown it was the applicant or recipient as defined by HRS § 346-1.  Moreover, the hearings officer found "Aloha Nursing has not provided evidence that it is an authorized representative of" F.W.H., and Aloha Nursing did not challenge this finding.  See Okada Trucking Co. v. Bd. of Water Supply, 97 Hawaiʻi 450, 458, 40 P.3d 73, 81 (2002) ("Findings of fact . . . that are not challenged on appeal are binding on the appellate court.").

Aloha Nursing also relies on Hawaiʻi Administrative Rules (**HAR**) § 17-1711.1-9 (eff. 2013) for the proposition that it "acted responsibly on behalf of F.W.H." and, thus, DHS was required to accept an application and any documentation to establish eligibility.  Aloha Nursing claims that it submitted a "March 2012 request for an application (through [Scott Gardner & Company]) and its September 25, 2013 letter to DHS asking for Medicaid benefits from April 2012[.]"

HAR § 17-1711.1-9 provides "[t]he department must accept an application for medical assistance and any documentation required to establish eligibility from an applicant, an adult who is in the applicant's household or family, an authorized representative, or if the applicant is a

minor or incapacitated, someone acting responsibly for the applicant."

The hearings officer made findings regarding DHS's Med-QUEST Division Administrator, Judy Mohr Peterson's (**Peterson**) June 17, 2016 response to Aloha Nursing. Notably, Peterson stated that on March 28, 2012, Loraine Alambatin (**Alambatin**) of Scott Gardner & Company requested "a copy of [F.W.H.'s] eligibility review, as well as a statement of his income and assets, stating [F.W.H.'s power of attorney] had passed away and Aloha Nursing was starting the guardianship process." Peterson further explained, "[h]owever, there was no official documentation regarding guardianship proceedings taken by Aloha Nursing, and the verbal statement was not sufficient." Thus, "the department could not release information to her as neither she nor Scott Gardner and Company were designated as authorized representatives and had no legal authority for this information."

Peterson also stated, "there is no record of any application being submitted until October 11, 2013, when the Department received a faxed copy of an application completed by Mr. Michael Orlas, of Scott Gardner and Company, nine months

after the guardianship hearing."  Aloha Nursing does not challenge the hearing officer's findings.  See Okada Trucking Co., 97 Hawaiʻi at 458, 40 P.3d at 81.  There was no evidence the March 2012 "request" and the September 25, 2013 "letter" were applications DHS was required to accept.

Thus, Aloha Nursing failed to show it had standing to appeal pursuant to HRS § 346-12 or HAR § 17-1711.1-9.

(2)  Aloha Nursing next contends the circuit court erred in affirming the hearings officer's denial of Aloha Nursing's third-party standing.

"In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Powers v. Ohio, 499 U.S. 400, 410 (1991).  Under the test for third-party standing, litigants have a right to bring actions on behalf of third parties if "three important criteria are" met:

> (1) the litigant has suffered an injury in fact, thus giving him or her a sufficiently concrete interest in the outcome of the issue in dispute, (2) the litigant has a close relationship to the third party, and (3) there is some hindrance to the third party's ability to protect his or her own interests.

In re AS, 130 Hawaiʻi 486, 513, 312 P.3d 1193, 1220 (App. 2013) (citing Powers, 499 U.S. at 410-11).  The supreme court has noted "the legislature may limit standing to sue despite an

injury in fact where plaintiff asserts rights" arising from a statute.  Akau v. Olohana Corp., 65 Haw. 383, 390, 652 P.2d 1130, 1135 (1982).

Here, the legislature appears to have limited standing by enacting HRS § 346-12.  But even if we were to consider Aloha Nursing's argument, Aloha Nursing did not meet the test for third-party standing.

In March 2012, F.W.H.'s power of attorney passed away, F.W.H.'s physician deemed him to be incapacitated, and Aloha Nursing through Alambatin sent a note to inform DHS of these events and that it "was starting the guardianship process."  In July 2012, a petition for guardianship was filed, and in February 2013, a guardian was appointed.  "Unfortunately, [F.W.H.] had assets in California which delayed his receiving Medicaid benefits," but he was later approved for Medicaid assistance retroactive to July 1, 2013 until his death on June 19, 2014.

Since F.W.H. had a legal guardian from February 2013 until his death, and "the delay in restarting the benefits was because [F.W.H.] had assets in California, not because [F.W.H.]

did not have an authorized representative," Aloha Nursing did not show F.W.H. was unable to protect his own interests.[2]

(3)  Finally, Aloha Nursing contends the circuit court erred in failing to address the hearings officer's error "in preventing DHS's witness from testifying" about the notice to terminate F.W.H.'s Medicaid benefits.

The circuit court originally remanded this case for a hearing on whether Aloha Nursing had standing.  However, at the hearing on remand, DHS began asking its witness about exhibits including information from F.W.H.'s file on direct examination and the hearings officer cautioned DHS those questions would open "the door . . . to a lot of cross-examination questions." Aloha Nursing later attempted to cross-examine DHS's witness about when DHS terminated F.W.H.'s benefits, DHS objected, and the hearings officer sustained the objections.

Thus, as Aloha Nursing's questions exceeded the scope of remand, we cannot say sustaining the objections was error. See generally, 2 Am. Jur. 2d Admin. Law § 550 (2024) (noting "when the scope of remand [to an administrative agency] is

---

[2]  As Aloha Nursing does not meet this prong of the test, we do not analyze the other two prongs.  See generally, In re AS, 130 Hawaiʻi at 513-14, 312 P.3d at 1220-21 (noting each of the prongs must be satisfied).

limited . . . the lower tribunal is only authorized to carry out the appellate court's mandate").

Based on the foregoing, we affirm the circuit court's August 1, 2018 Order and August 1, 2018 Judgment.

DATED:  Honolulu, Hawaiʻi, April 29, 2024.

On the briefs:

Thomas E. Bush,
for Appellant-Appellant.

James W. Walther,
Lili A. Young,
Deputy Attorneys General,
for Appellee-Appellee.

/s/ Katherine G. Leonard
Acting Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge